IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES of AMERICA                                    PLAINTIFF/RESPONDENT

V.                              No.  2:10-CR-20034
                                No.  2:11-CR-20043

BRENDA DAY                                                  DEFENDANT/PETITIONER

### REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus

Petitions, (See 10-20034; ECF No. 20  and 11-20043; ECF No. 88), filed July 5, 2012 under 28

U.S.C. §2255.  The Government filed its Response, (See ECF No. 22 and 92) on July 26, 2012.

### I.  Background

On July 27, 2011, the United States Probation Office filed a Petition for Warrant or

Summons for Offender Under Supervision in Case No. 2:10-cr-20034 based on Day admitting to

delivery of methamphetamine and for violating certain conditions of supervision. (Case No. 10-

20034; ECF No. 9). In that case, Day had originally been sentenced on April 22, 2008, in the

Southern District of Texas to 36 months imprisonment and 5 years supervised release for

conspiracy to distribute more then 500 grams of methamphetamine.

The  Defendant was named in one-count of an eight-count Indictment returned by the

Grand Jury for the Western District of Arkansas on August 10, 2011. (2:11-CR-20043; ECF No.

1).  Count 1 of the Indictment charged Day with conspiracy to knowingly distribute more than 50

grams methamphetamine.

-1-

The United States Probation Office filed a Supplemental Petition for Warrant or Summons for Offender Under Supervision on September 8, 2011, requesting Defendant's term of supervision in Case 2:10-cr-20034 be revoked due to her Indictment in the present case along with her violations of certain conditions of supervision. (Case No. 10-20034, Doc. 16).

On December 5, 2011, Defendant appeared with counsel for a Change of Plea Hearing before the Honorable P. K. Holmes, III. (Case No. 11-20043, Doc. 47). A written Plea Agreement was presented wherein Defendant would plead guilty to Count 1 of the Indictment that she had conspired to distribute more than 50 grams of methamphetamine. (Case No. 11-20043, Doc. 48).

The United States Probation Office prepared Defendant's Presentence Investigation Report (PSR) on January 3, 2012. No objections were had by either the United States or Defendant. The PSR set Defendant's base offense level at 34 based on 486.99 grams of actual methamphetamine being attributable to her. (PSR, ¶ 34). Day received a two level increase for her role in the offense which resulted in an adjusted offense level of 36. (PSR, ¶¶ 37 & 39). Day received adjustments for her acceptance of responsibility which set her total offense level at 33. (PSR, ¶¶ 41 - 43). Based on a total offense level of 33 and a criminal history category of III, Defendant's suggested Guidelines range was 168 to 210 months. (PSR, ¶ 85).

Before sentencing, the United States filed a Motion for Downward Departure Pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 recommending Defendant be granted a four level reduction which decreased her Guidelines range to 108 - 135 months. (Case No. 11-20043, Doc. 59).

On March 6, 2012, the Court conducted sentencing hearings for both cases. (Case No.

10-20034, Doc. 18; Case No. 11-20043, ECF No. 66). During the sentencing hearing the Court granted the United States' Motion for Downward Departure after reviewing Defendant's Guidelines Range in Case No. 11-20043. (ECF No. 90, pp. 7 -11). The Court then reviewed Defendant's Guidelines range for the revocation in Case No. 10-20034. (Id., p. 11). Next, through the testimony of Day, the Court heard objection to the amount of drugs attributable to her. (Id., pp. 12 - 18). Defendant's counsel argued the 486.99 grams of actual methamphetamine attributable to her overstated her participation because that amount included drugs seized as a result of her cooperation with the Drug Task Force. (Id., pp. 18 -19). Counsel stated that he believed only 130.41 grams, resulting in a level 32, should have been attributable to Defendant. (Id., p. 21). The Court agreed with Defendant's counsel and granted a further 4 level downward departure resulting in a Defendant's total offense level being 25. (Id., pp. 21 - 22). The Court then, for Case No. 11-20043, imposed a sentence of 70 months imprisonment, 4 years supervised release, and a $100 special assessment. (Id., pp. 23 - 24 & ECF No. 73). Finally, the Court imposed a sentence of 24 months imprisonment on the revocation in Case No. 10-20034 to run consecutively to the sentence imposed in Case No. 11-20043 and a $100 special assessment. (Case No. 11-20043; ECF No. 90, p. 24 and Case No. 11-20043, ECF No. 19).

The Defendant filed the current 2255 motions on July 5, 2012 contending her counsel was ineffective because 1) he persuaded her to forgo an appeal, 2) misinformation concerning sentencing,  and 3) he was not prepared for trial.

## II.  Discussion

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court

"has recognized that 'the right to counsel is the right to effective assistance of counsel.' "

*Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing

*McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel

pursuant to § 2255.  *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000);  2254. *Cox v.

Wyrick,* 642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of

counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466

U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made

errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth

Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that

counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*,

539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." Id. at 694. see also, i.e. *United States v  Ledezma-Rodriguez*, 423

F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective

assistance of trial counsel unless the petitioner can show not only that counsel's performance was

deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different . . . a reasonable probability [meaning] a probability sufficient to undermine

confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted).

Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on

the result of the proceeding because not every error that influences a proceeding undermines the

reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing

*Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not

exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v.*

*Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996)

(mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective

assistance" analysis are described as sequential, courts "do not . . . need to address the

performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*,

179 F.3d 616, 620 (8th Cir.1999).

## A.  Result of Plea Process

To the extent that Petitioner's claims arise out the plea process, he must show a

reasonable probability that, but for counsel's errors, he would not have pled guilty and would

have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d

654, 661 (8th Cir. 1997).

There is no reasonable probability that the Defendant would have pled not guilty and

would have insisted on going to trial.  The Defendant had a criminal history involving drugs and

was on supervised release at the time of her arrest. (ECF 2:10-cr-20034, Doc. 9).  The Plea

Agreement factual basis reflects that the Defendant acknowledged that a confidential source,

equipped with a recording device, delivered $600 to the Defendant for a past drug debt. As a

result of a search warrant executed on the Defendant's home, she was arrested  and, after given

her Miranda rights, made a statement to the police admitting to the distribution of meth-amphetamine. (ECF No. 48, p. 2). As a result of the government's case against her the Defendant co-operated with the arresting officers by making a call to her supplier. (Case No. 11-20043; ECF No. 90, pp. 16-17).

The Defendant has not asserted any claim that she would have insisted on going to trial on the Conspiracy charge if she had known that her PTR sentence would run consecutively. The Defendant acknowledges in the 2255 motion that she does not want to go to trial but that she would like the court to "run sentence concurrent 24 months with the 70 months". (ECF 2:10-cr-20034, Doc. 20).  Notwithstanding the adverse effect of the plea process on the Defendant's argument his motion is without merit.

**B.  Ineffective Assistance of Counsel:**

**1.  Appeal**

The Defendant first contends that her attorney was ineffective because she "signed my right to appeal" and that she "didn't know I gave up my right to appeal".  (ECF No. 20, p. 4).

At the sentencing hearing the court provided very specific instruction to the Defendant on how to pursue an appeal.  After pronouncing sentence the court stated  "Now, I do need to advise you, Miss Day, that the sentence I just imposed, you have the right to appeal this sentence, if you and your lawyer believe it's contrary to law. You have 14 days from the date the Judgment is entered to file your Notice of Appeal. If you cannot afford counsel, you can proceed to file an appeal in forma pauperis. If you need assistance to file a Notice of Appeal, the Court Clerk can assist you in filing a Notice of Appeal. So those are the rights to an appeal."

If an attorney has consulted with his client about an appeal, he will not be found

ineffective unless he fails to follow "express instructions with respect to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). For such a claim to succeed, however, the client must show that he instructed his counsel to file an appeal. See *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir.1982); *U.S. v. Saucillo* 2007 WL 522228, 3 (N.D.Iowa) (N.D.Iowa,2007).

A bare assertion by the petitioner that he made such a request is not by itself sufficient to support a grant of relief. In addition, the Defendant does not produce any document that she may have signed nor is she specific on how her attorney precluded her from filing an appeal. Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.). *See also Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal).

The Defendant's allegation that her attorney induced her not to appeal is without merit.

**2. Consecutive Sentence**

The Defendant also contends that her attorney was ineffective because she "was told by my attorney that it would be ran concurrent". (ECF No. 20, p. 4). It is clear that the Defendant is contending that she understood that the sentence she was going to receive on the PTR(2:10-cr-20034) would run concurrent with the sentence she would receive on her Conspiracy to Distribute Methamphetamine to which she plead guilty on December 5, 2011. (2:11-cr-20043; ECF No. 48).

Even if the court assumes the Defendant's allegations are correct "[T]he law in this circuit is clear that a defendant who pleads guilty has no right to be apprised of the sentencing

options outside the statutory maximum and minimum sentences. *Thomas v. United States*, 27 F.3d 321, 326 (8th Cir.1994). Furthermore, "a defendant's reliance on an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence." *United States v. Granados*, 168 F.3d 343, 345 (8th Cir.1999) (*citing United States v. Roberson*, 901 F.2d 1475, 1478 (8th Cir.1990)).

Here, the Plea Agreement (Case No. 11-20043; ECF No. 48, ¶ 10) and the Court properly advised Defendant of the maximum statutory sentence she faced in Conspiracy to Distribute case. (Case No. 11-20043; ECF No. 90., p. 8). Additionally, the Court informed Defendant in the PTR that she faced between 24 and 30 months imprisonment, to run consecutive to any sentence imposed in Case No. 11-20043 (Id., p. 11)[1].

In the guilty plea context, a lawyer need not give wholly accurate advice in order to render effective assistance; he need not correctly predict the admissibility of evidence or anticipate future judicial holdings. His advice, however, must be "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson, 397 U.S. 759* at 770-71.

Even if the court accepts the Plaintiff's contention that her attorney misinformed her about the PTR sentence running concurrent with the underlying charge the misinformation must prove a decisive factor in her entering her plea to be ineffective assistance. *See U.S. v. Barnes* 83 F.3d 934, 939 -940 (C.A.7 (Ind.),1996) *citing Hill*, 474 U.S. at 59, 106 S.Ct. at 370-71.  For

---

[1] The Introductory Commentary to §7B1.1 provides that it "is the policy of the Commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation.

the reasons stated above there were many factors entering into the Defendant's desire to enter a plea to the underlying charge which included her desire to secure a downward departure for acceptance of responsibility and a departure under 5K1.1.  These were the decisive factors that motivated a plea and not the effect of the PTR on her ultimate sentence.

### 3.  Quantity of Methamphetamine

The Defendant next contends that her attorney was ineffective because he "was not prepared for trial to argue the percentage of methamphetamine involved in my case or to call expert witnesses to test the quality and percentage of the methamphetamine which resulted in an upward departure according to the federal sentencing guidelines". (ECF No. 20, p. 5).

Contrary to Defendant's allegation, she did not receive an upward departure on account of her attorney failing to argue against the amount of methamphetamine involved in her case. Rather, Defendant's counsel successfully argued for a further 4 level decrease in the amount of meth- amphetamine attributable to her at sentencing. At sentencing, Defendant's counsel established through her testimony, that a large amount of methamphetamine had been attributable to her in the PSR as a result of her cooperation with the Drug Task Force. (Case No. 11-20043; ECF No. 90, pp. 16 -18). Defendant's counsel then convinced the Court that the amount of drugs attributable to Defendant was overstated, that only 130.41 grams should have been attributable to her resulting in a level 32. (Id., p. 21).

As a result of the Defendant's attorney's argument the court stated "I do think that the aggregation of that amount of drugs is overstated here. Okay. Let me find out where I was. The Court granted the Motion for the Downward Departure of four levels, which brought it to a 29. I think, in regard to what the sentencing options are, it's moved below the mandatory minimum. I

think what the Court's going to do is grant a downward departure, not for four levels but six levels, which would bring it to a level 27. The sentencing range, Miss Day, the sentencing range for a level 27 would be 70 months to 87 months.

The court, after having been informed that it was referencing the incorrect category level agreed to further reduce the Defendant's level to a level 25 which provided for the court's desired sentencing range. (ECF No. 90, pp. 21-22).

It is apparent that the Defendant's attorney was not only prepared to argue the drug quantities attributable to the Defendant but that he was successful.

**C.  Evidentiary Hearing:**

Finally, Petitioner does not state grounds sufficient to require an evidentiary hearing. An evidentiary hearing on a § 2255 motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. *Kingsberry v.United States*, 202 F.3d 1030, 1032 (8th Cir. 2000) A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998).

Here, a review of the motion, files, and record conclusively show that Day is not entitled to relief because there is sufficient evidence to support her conviction, her allegations are not supported by the facts, and no prejudice exists.

**III.  Conclusion**

Based upon the forgoing I recommend that the instant motions **(11-20043; ECF No. 88**

-10-

**and 10-20034; ECF No. 20),** filed under 28 U.S.C. §2255 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 5th day of September 2012.


/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE  JUDGE

-11-